IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MICHAEL R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 09 C 7818 |
| | ) |
| NOE MARTINEZ, COUNTY OF COOK and | ) Judge Dow |
| DONALD WYNNE, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

**FILED**
JAN 19 2011
JAN 19 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### THIRD AMENDED COMPLAINT

Plaintiff, MICHAEL R., by his attorney, MARK PARTS of PARTS & SPENCER, LTD., for his Third Amended Complaint against Defendants NOE MARTINEZ, COUNTY OF COOK and DONALD WYNNE alleges as follows:

### THE PARTIES

1. MICHAEL R. ("MICHAEL") was at all relevant times a resident of Cook County, Illinois.

2. Defendant NOE MARTINEZ, was at all relevant times employed as a counselor and/or attendant at the Juvenile Temporary Detention Center ("JTDC"). MARTINEZ was hired, trained and retained by the COUNTY OF COOK and subject to the disciplinary policies of the COUNTY OF COOK during the tenure of his employment at JTDC.

3. Defendant DONALD WYNNE was at all relevant times employed as a counselor and/or attendant at the Juvenile Temporary Detention Center ("JTDC"). MARTINEZ was hired, trained and retained by the COUNTY OF COOK and subject to the disciplinary policies of the COUNTY OF COOK during the tenure of his employment at JTDC.

1

4. Defendant COUNTY OF COOK is a legal entity incorporated under the laws of the State of Illinois that has been and is engaged in operation of the JTDC. In ongoing Federal litigation, by agreement of COUNTY OF COOK as a party thereto, certain responsibilities for oversight and operation of the JTDC have been undertaken by the Office of the Transitional Administrator, preparatory to transfer of authority over the JTDC to the Chief Judge of the Circuit Court of Cook County. That transfer has not yet occurred. Operation of the JTDC and the obligations of the Office of the Transitional Administrator are the financial responsibility of Defendant COUNTY OF COOK.

5. Defendant NOE MARTINEZ at all times pertinent hereto, acted under color of law in his capacity as a counselor and/or attendant at the JTDC and was an employee of Defendant COUNTY OF COOK.

6. Defendant DONALD WYNNE at all times pertinent hereto, acted under color of law in his capacity as a counselor and/or attendant at the JTDC and was an employee of Defendant COUNTY OF COOK.

JURISDICTION and VENUE

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1343(a). This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367, and §1441. This Court has personal jurisdiction over Defendants as they are residents of Illinois and all actions complained of herein occurred in Illinois.

8. Venue is proper in this District because all the conduct complained of herein occurred in this District.

## SPECIFIC ALLEGATIONS COMMON TO ALL COUNTS

9. On February 26, 2009, MICHAEL was placed in custody at the JTDC in Cook County, IL.

10. At approximately that time, Defendants NOE MARTINEZ and DONALD WYNNE were on the staff of the JTDC.

9. During the time following his being placed in custody at the JTDC, MICHAEL was subjected to a pattern of harassment and name-calling by Defendant NOE MARTINEZ.

10. On or about March 13, 2009, MICHAEL reported the harassment by Defendant NOE MARTINEZ to RON OLDAKER, Director of Resident Life at the JTDC. Director OLDAKER stated that he would address the issue.

11. Following the reporting of the harassment to Director OLDAKER, MICHAEL was confronted by Defendant NOE MARTINEZ, who called him a snitch and said "I got you."

12. One of the responsibilities of Defendant NOE MARTINEZ was to afford juvenile detainees positive points for good behavior and negative points for bad behavior. Defendant NOE MARTINEZ took points away from MICHAEL in an unfair manner after MICHAEL had complained about the behavior of Defendant MARTINEZ.

13. MICHAEL complained to Defendant MARTINEZ about the unfair treatment by Defendant MARTINEZ in allocation of points. On the morning of March 21, 2009, MICHAEL placed a grievance in the grievance box on his living unit against Defendant MARTINEZ for his improper and unfair treatment.

3

14. On the early afternoon of March 21, 2009, MICHAEL was attacked from behind by another juvenile detainee. MICHAEL was punched in the face in this attack and sustained multiple injuries including a fractured jaw.

15. Defendants NOE MARTINEZ and DONALD WYNNE were responsible for supervision of the pod where MICHAEL and other detainees were at the time of the attack; and Defendant NOE MARTINEZ was positioned in the area in which MICHAEL and other juvenile detainees were sitting at tables at the time that Michael was attacked. For the protection of the juvenile detainees in their charge, it was the responsibility of Defendants to ensure that any juvenile detainee raise his hand, ask for permission and obtain permission before moving about.

16. The juvenile detainee who attacked MICHAEL was able to get up and move about without having to raise his hand and obtain permission prior to the attack on MICHAEL.

17. Defendant NOE MARTINEZ was aware of risk of attack upon MICHAEL at the time of the attack and was a witness to the attack, but did not intervene or provide assistance.

18. Defendants NOE MARTINEZ and DONALD WYNNE were aware of their responsibility to follow procedures requiring that they ensure that any juvenile detainee raise his hand, ask for permission and obtain permission before moving about, and they were aware that the purpose of these requirements was to protect the safety of the detainees. Defendants NOE MARTINEZ and DONALD WYNNE failed to see that these procedures were followed.

19. At some time after this attack, Defendant NOE MARTINEZ approached MICHAEL and said, "I told you I was going to get you."

4

20. The attack on MICHAEL was arranged by Defendant NOE MARTINEZ and there was no justification for said abuse.

21. As a direct and proximate result of the misconduct of Defendant NOE MARTINEZ, in arranging the attack MICHAEL required medical treatment and suffered physical and mental pain and anguish.

22. As a direct and proximate result of the failure of Defendants NOE MARTINEZ and DONALD WYNNE to uphold their responsibilities to protect and supervise the detainees, MICHAEL was attacked and he required medical treatment and suffered physical and mental pain and anguish.

23. The acts, conduct, and behavior of Defendants NOE MARTINEZ and DONALD WYNNE were performed knowingly, intentionally, and maliciously, or with reckless and/or knowing disregard for the Plaintiff's rights, by reason of which Plaintiff is entitled to an award of punitive damages.

## COUNT I

(42 U.S.C. § 1983, Excessive Force Claim – Defendant NOE MARTINEZ)

24. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

25. As described above, Defendant NOE MARTINEZ used and caused to be used unjustified force against MICHAEL.

26. The above-described conduct by Defendant NOE MARTINEZ against Plaintiff was without cause or justification and violated Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant NOE MARTINEZ, awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

COUNT II

(42 U.S.C. § 1983, Deliberate Indifference Claim – Defendant NOE MARTINEZ)

27. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-21, as if set forth in full herein.

28. Defendant NOE MARTINEZ was charged with supervision of juvenile detainees in the area where the attack on MICHAEL occurred.

29. Defendant NOE MARTINEZ was responsible for seeing that detainees did not move about without first raising a hand, asking for permission and obtaining permission to do so. Defendant NOE MARTINEZ was aware that the purpose of this procedure was to ensure that fights did not break out and that detainees such as MICHAEL were not attacked by other detainees.

30. Defendant NOE MARTINEZ failed to see that detainees did not move about without first raising a hand, asking for permission and obtaining permission to do so, thus facilitating the attack on MICHAEL.

31. Additionally, and independently, Defendant NOE MARTINEZ was responsible for supervision of juvenile detainees in the area where the attack occurred and was specifically aware of the risk of attack on MICHAEL, but did not intervene or provide assistance to MICHAEL at the time of the attack.

32. The above-described conduct by Defendant NOE MARTINEZ was without cause or justification and violated Plaintiff's rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant NOE MARTINEZ, awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT III

(42 U.S.C. § 1983, Deliberate Indifference Claim – Defendant DONALD WYNNE)

33. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

34. Defendant DONALD WYNNE was charged with supervision of juvenile detainees in the area where the attack on MICHAEL occurred.

35. Defendant DONALD WYNNE was responsible for seeing that detainees did not move about without first raising a hand, asking for permission and obtaining permission to do so. Defendant DONALD WYNNE was aware that the purpose of this procedure was to ensure that fights did not break out and that detainees such as MICHAEL were not attacked by other detainees.

36. Defendant DONALD WYNNE failed to see that detainees did not move about without first raising a hand, asking for permission and obtaining permission to do so, thus facilitating the attack on MICHAEL.

37. The above-described conduct by Defendant DONALD WYNNE was without cause or justification and violated Plaintiff's rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant DONALD WYNNE, awarding compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT IV

(42. U.S.C. § 1983 Monell Claim Against Defendant COUNTY OF COOK)

38. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs as if set forth in full herein.

39. The actions of Defendant NOE MARTINEZ as alleged above constitute excessive force in violation of the Constitutional rights of the Plaintiff and were done pursuant to one or more policies, practices and/or customs of Defendant COUNTY OF COOK in operation of the JTDC. The actions of Defendant NOE MARTINEZ and Defendant DONALD WYNNE as alleged above constitute deliberate indifference in violation of the Constitutional rights of the Plaintiff and were done pursuant to one or more policies, practices and/or customs of Defendant COUNTY OF COOK in operation of the JTDC.

40. As a matter of both policy and practice, COUNTY OF COOK as operator of the JTDC during the tenure of Defendant MARTINEZ's and Defendant WYNNE's employment was the moving force behind the very type of misconduct at issue here by failing to adequately screen, train, supervise and control employees, such that its failure to do so manifested deliberate indifference.

41. As a matter of both policy and practice, in operation of the JTDC, COUNTY OF COOK facilitated the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct,

thereby leading JTDC personnel to believe their actions will not be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

42. COUNTY OF COOK in operation of the JTDC did not properly investigate incidents involving use of excessive force or properly discipline officers for those acts.

43. COUNTY OF COOK failed to adequately keep hard copies and electronic computer records of misconduct to prevent patterns of misconduct from being established. These actions deliberately furthered the concealment of misconduct.

44. COUNTY OF COOK was aware of, and condoned and facilitated by its inaction, a "code of silence" in the JTDC, by which officers failed to report misconduct committed by other officers, such as the misconduct at issue in this case.

45. The aforementioned policies, practices, and customs of failing to supervise, control and discipline officers, as well as the code of silence which is permitted to exist, are the proximate causes of Constitutional and other legal violations, and plaintiff's injuries.

46. The aforementioned policies, practices and customs individually and together were implemented and maintained with deliberate indifference by COUNTY OF COOK and have encouraged the individual defendant to commit the aforesaid wrongful acts against MICHAEL, and therefore acted as a direct and proximate cause of constitutional and other legal violations, and plaintiff's injuries.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against the Defendant COUNTY OF COOK with Plaintiff being awarded compensatory and punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT V

(Battery – Defendant NOE MARTINEZ)

47. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

48. The above-described harmful, unjustified and offensive contact on MICHAEL arranged by Defendant NOE MARTINEZ constituted battery under the common law of Illinois.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant NOE MARTINEZ, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VI

(Intentional Infliction of Emotional Distress – Defendant NOE MARTINEZ)

49. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

50. The conduct described above of Defendant NOE MARTINEZ was intentional and done with disregard for the safety and rights of MICHAEL. Said actions by Defendant NOE MARTINEZ were extreme, outrageous and caused MICHAEL to suffer pain and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant NOE MARTINEZ, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VII

(Failure to Supervise -- Defendant NOE MARTINEZ)

51. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

52. The conduct described above of Defendant NOE MARTINEZ constituted a failure to supervise the detainees in his charge. Said actions by Defendant NOE MARTINEZ were willful and wanton and resulted in MICHAEL sustaining injuries, pain and suffering and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant NOE MARTINEZ, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT VIII

(Failure to Supervise – Defendant DONALD WYNNE)

53. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

54. The conduct described above of Defendant DONALD WYNNE constituted a failure to supervise the detainees in his charge. Said actions by Defendant DONALD WYNNE were willful and wanton and resulted in MICHAEL sustaining injuries, pain and suffering and emotional distress.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant DONALD WYNNE, awarding compensatory and punitive damages, costs, and such further relief as this Court deems just.

## COUNT IX

### (Respondeat Superior)

55. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

56. In committing the acts alleged in the preceding Counts, Defendant NOE MARTINEZ and any others responsible at the JTDC were employees of and agents of Municipal Defendants, acting at all relevant times within the scope of their employment.

57. Municipal Defendants are liable as principal for all torts committed by their agents.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant COUNTY OF COOK awarding compensatory damages on the state law claims of battery and intentional infliction of emotional distress, and that this Court grant such further relief as the Court deems just.

## COUNT X

### (State Law Indemnification)

58. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs 1-23, as if set forth in full herein.

59. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. Defendant NOE MARTINEZ and any other responsible persons were employees of COUNTY OF COOK who acted within the scope of their employment in committing the misconduct described herein.

60. Moreover, Plaintiff is a third-party beneficiary of a contract between COUNTY OF COOK and the union(s) representing NOE MARTINEZ, in which contract

12

COUNTY OF COOK have obligated themselves to pay for all judgments for compensatory damages, attorneys' fees and costs against Defendant NOE MARTINEZ.

WHEREFORE, Plaintiff requests that judgment be entered in favor of him and against Defendant COUNTY OF COOK for the amounts of any compensatory damages, attorney fees and costs awarded against Defendant NOE MARTINEZ.

### JURY DEMAND

Plaintiff demands trial by jury on all Counts that may be tried to a jury.

Respectfully submitted,

/s Mark Parts
Mark Parts
Parts & Spencer, Ltd.
33 North LaSalle Street
Suite 2125
Chicago, IL 60602
312-920-0990
mparts@pslegal.net
Illinois Atty. No.: 6203617